ZACHARIAH H. DORSEY *v.* JOHN D. HARDING, Sheriff, and another.

An assignment of errors may be filed at any time within ten days after the record is brought up, where the case has not in the meantime been fixed for trial; but when, by agreement, tacit or otherwise, the case has been fixed before the expiration of the ten days, such assignment must be filed in time to give the opposite counsel an opportunity of knowing what he has to contend against; and one day, at least, should be allowed for this purpose.

The appeal will be dismissed where the certificate of the clerk shows, that the record does not contain the parol evidence adduced in the trial, and that the parol evidence was not reduced to writing, and there is no statement of facts, bill of exceptions, nor assignment of errors.

APPEAL from the District Court for the parish of Carroll, *Tenney*, J. This was an action against John D. Harding, sheriff of the parish of Carroll, and Susan Elizabeth Tompkins, tutrix of J. M. Tompkins, to enjoin the said Harding from selling certain negroes seized under an execution in the suit of J. M. Tompkins against E. F. Atchison et al. The injunction was dissolved with damages. The certificate of the clerk stated, that the record was 'a correct transcript of all the proceedings had, of all the papers and documents filed, as well as of all the evidence adduced by the parties, except the parol testimony which was not reduced to writing.'

*Copley*, for the plaintiff and appellant.

*Selby*, for the defendants.

GARLAND, J. The plaintiff is appellant from a judgment dissolving an injunction obtained by him. The defendants filed a motion to dismiss the appeal, because the certificate of the clerk shows that the parol evidence given on the trial was not taken down, and does not come up with the record. There is no statement of facts, bill of exceptions or assignment of errors. The counsel for the plaintiff waived the opening; the counsel for defendants proceeded to argue his motion to dismiss, and was proceeding with his objections, when the counsel for the plaintiff rose and offered to file a paper, which to that moment had been in his possession, which he said was an assignment of errors apparent on the face of the record. Defendants' counsel objected to the paper being then filed, as the cause had been fixed for trial without objection, and the argument had commenced. The appeal was returnable on the first day of the present term,

when, without objection, the cause was fixed for trial on the fourth day thereof. The plaintiff's counsel contended, that by article 897 of the Code of Practice, he had a right to file his assignment of errors at any time within ten days after the record is brought up. There is no doubt of his right to do so, if the cause has not been fixed for trial in the meantime; but if a party agrees directly or tacitly to a day being assigned for trial before the expiration of the ten days, then he must file his assignment of errors in time to give the appellee's counsel an opportunity of seeing them, and knowing what he has to contend against; and we think, at least one day ought to be allowed for that purpose. In this case the plaintiff had gone to trial, and it was certainly too late to change the issues between the parties; we therefore overrule the motion to file the assignment of errors.

Upon the question of dismissal, we see no distinction between this case and that of *Roberts* v. *Benton*, just decided, *ante* p. 100.

The appeal is therefore dismissed with costs.

---

Sqûire W. McClure and another, Executors, *v.* George W. Copley and another.

*The purchaser of a slave who has given his note for the price, and afterwards sold to a third person who binds himself to pay the note due to the original vendor, when sued by the latter will be entitled to a delay to cite such third person in warranty.*

Appeal from the District Court of the parish of Ouachita, *King*, J. McClure and one James D. Fenner sue as executors of the will of Samuel D. Brown, deceased, for the amount of a promissory note of George W. Copley and George Jessup.

*McGuire*, for the plaintiffs, contended that arts. 379—382, of the Code of Practice, give the defendant no right to time to call his vendee in warranty; that he would be entitled to such delay only in case of privity between the plaintiff and such second vendee. 1 La., 37. 8 Ib., 37. *Merlin Rep.*, verbo Garantie simple.

*Copley*, *propria persona*, for the appellants. Where a third